## HOLMES VS. FAIRBANK.

A judgment for damages will not be reversed on an appeal by the defendant, upon the ground that certain evidence bearing on the question of damages was improperly admitted, where it appears that the defendant admitted on the trial that the plaintiff, if he recovered at all, would be entitled to the amount for which the verdict was in fact rendered.

APPEAL from the Circuit Court for *Fond du Lac* County.

*Gillet & Conklin*, for appellant.

*John Ware*, for respondent.

*By the Court*, PAINE, J. This being an action of trespass for taking wheat, on the trial in the circuit court, the plaintiff's counsel asked a witness what was the highest market price of wheat of the quality taken, between the taking and the time of commencing the suit. The defendant objected, for the reason that the question did not call for an answer that would give the true rule of damages. The objection was overruled, and exception taken.

But afterwards, as appears by the bill of exceptions, when the plaintiff offered, by another witness, to prove the value of the wheat, the defendant's counsel admitted that if the plaintiff recovered at all the verdict should be for one hundred dollars; and the appellant now seeks to reverse the judgment for the alleged error of admitting evidence of the highest market price of the wheat.

But whether that was error or not, it was wholly immaterial after the defendant on the trial admitted that the verdict, if anything, should be for $100, the jury having found accordingly. Clearly no error in admitting evidence as to the damages could have prejudiced the defendant, when he himself, by his deliberate admission on the trial, assented to the amount which the jury found against him.

The force of this admission is sought to be obviated by the appellant's counsel, by suggesting that it was made, assuming the rule of damages previously indicated by the court in rul-

ing upon the admission of evidence. In that view they should have said that if the plaintiff was entitled to the highest market value at any time after the taking, then they would admit that he should recover $100—if at all. But the record shows no such qualification. And the admission, as it appears, can only be construed as an absolute consent that the verdict should be for $100, if for anything. After this it is too late to object here on account of any errors in admitting evidence as to the amount of damages, even if there were any.

The judgment is affirmed, with costs.